IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

**MARKWEST LIBERTY MIDSTREAM
& RESOURCES, L.L.C.,**

   Plaintiff,

v.           Case No.: 5:16-CV-118 (Bailey)

**BILFINGER WESTCON, INC.,**

   Defendant.

ELECTRONICALLY FILED
Jul 22 2016
U.S. DISTRICT COURT
Northern District of WV

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1367, 1441(b) and 1446, the Defendant, Bilfinger Westcon, Inc. ("Westcon"), a North Dakota corporation, by counsel, gives notice of removal of the above-captioned action from the Circuit Court of Wetzel County, West Virginia, to the United States District Court for the Northern District of West Virginia. In support thereof, the Defendant states as follows:

#### I. NATURE OF REMOVED ACTION

1. On or about June 13, 2016, Plaintiff filed a Complaint styled "MarkWest Liberty Midstream & Resources, LLC, v. Bilfinger Westcon, Inc." in the Circuit Court of Wetzel County, West Virginia, Civil Action No. 16-C-66, naming Westcon as a Defendant.

2. In accordance with 28 U.S.C. § 1446(a), a copy of the docket sheet and a copy of all process, pleadings, and orders served upon Defendant in the state court action are attached hereto as **Exhibit A**.

## II. TIMELINESS OF REMOVAL

3. Plaintiff first served process on Defendant via the West Virginia Secretary of State on June 22, 2016. In accordance with the requirements of 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after service of Plaintiff's Complaint upon the West Virginia Secretary of State. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (holding that 30-day removal period begins to run upon service of summons and complaint).

## III. PROPRIETY OF VENUE

4. Venue is proper in this district and division under 28 U.S.C. § 1441(a), because the state court where the suit has been pending is located in this district and this division.

## IV. BASIS OF REMOVAL

5. As stated in the Complaint, Plaintiff is a Delaware limited liability company with its principal place of business located at 1515 Arapahoe Street, Tower 1, Suite 1600, Denver, CO 80202. Plaintiff also alleges it is a citizen of the State of West Virginia. *Compl.* ¶ 11.

6. A limited liability company is a citizen of the state or states of which its members are citizens. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004). Furthermore, where the member of a limited liability company is itself a limited liability company, the members of that entity must be considered as well. *Boggs v. Fola Coal Co., LLC*, Case No. 2:10-cv-0608, 2010 U.S. Dist. LEXIS 93288, at *5 (S.D. W. Va. Sept. 7, 2010).

7. Pursuant to an affidavit filed by Plaintiff in *Bilfinger Westcon, Inc. v. MarkWest Liberty Bluestone*, Case No. 2:16-cv-00974 (W.D. Pa. July 20, 2016), ECF Doc. No. 9-4, Plaintiff is 100% owned by its sole member, MarkWest Liberty Gas Gathering, LLC. MarkWest Liberty Gas Gathering, LLC is 100% owned by its sole member, MarkWest Energy Operating

Company, LLC. MarkWest Energy Operating Company, LLC is 100% owned by its sole member, MarkWest Energy Partners, L.P.

8. The citizenship of a limited partnership is deemed to be that of all its limited and general partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 191-97 (1990).

9. MarkWest Energy Partners, L.P. is owned by its partners MPLX LP (99%) and MWE GP LLC (1%). *See* Declaration of Jonathan M. Allen, July 20, 2016.

10. MWE GP LLC is a Delaware limited liability company owned by its sole member MPLX LP.

11. MPLX LP is a master limited partnership organized under the laws of the State of Delaware, with its principal place of business in Findlay, Ohio.[1,2]

---

[1] Throughout this filing, whenever reference is made to a state of organization, incorporation or in relation to a principal place of business, such references are asserted both at the time of the filing of the complaint and at the time the notice of removal was filed.

[2] A master limited liability partnership comprises general and limited partnership interests. With respect to MPLX LP, unitholder interests are registered for exchange in the secondary market on the New York Stock Exchange under NYSE ticker symbol "MPLX." *See* MPLX LP SEC Form 10-K, for the Fiscal Year ended December 31, 2015, at 9, https://www.sec.gov/Archives/edgar/data/1552000/000155200016000136/mplx-20151231x10k.htm. Publicly-traded interests in MPLX are securities and not partners contemplated by *Carden*, *supra*, for purposes of determining citizenship under 28 U.S.C. § 1332(c)(1). Accordingly, the citizenship of unit holders need not be considered in evaluating the basis for federal subject-matter jurisdiction in this case.

Alternatively, Defendant observes that the U.S. Court of Appeals for the Fourth Circuit has not held that a master limited liability partnership is deemed to include the citizenship of all unit holders regarding publicly-traded interests. As a matter of first impression in this Circuit, Defendant submits that a master limited partnership is regarded as a "corporation" for purposes of the Internal Revenue Code § 7704(a) (For purposes of this title, except as provided in subsection (c), a publicly traded partnership shall be treated as a corporation."), and should be regarded as a corporation within the meaning of 28 U.S.C. § 1332(c)(1). In that regard, MPLX LP's is organized under the laws of Delaware, and its principal place of business was and is Ohio. Therefore, MPLX LP is diverse from Defendant. The extension of the *Carden* rule to MLPs, with interests publicly traded, would raise grave concerns, including constitutional concerns, with respect to denial of access to the courts, equal protection, and due process.

As an additional alternative, should Plaintiff seek remand, and the Court not otherwise find the citizenship of common unit holders irrelevant, Defendant anticipates requesting leave to conduct jurisdictional discovery to ascertain the citizenship of unit holders, upon which Defendant may seek leave to amend this Notice of Removal pursuant to 28 U.S.C. § 1653. Case law authorizes jurisdictional discovery to

3

12. Limited partner interests in MPLX LP include Marathon Petroleum Corporation; MPC Investment LLC; MPLX Logistics Holdings LLC; and general partner MPLX GP LLC.

13. Marathon Petroleum Corporation is a Delaware corporation with its principal place of business in Ohio. A corporation is deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.

14. MPC Investment LLC is a Delaware limited liability company. Marathon Petroleum Corporation owns all of the membership interests in MPC Investment LLC.

15. MPLX Logistics Holdings LLC is a Delaware limited liability company. MPC Investment LLC owns all of the membership interests in MPLX Logistics Holdings.

16. MPLX GP LLC is a limited liability company organized under the laws of Delaware. MPLX GP LLC is a wholly-owned subsidiary of Marathon Petroleum Corporation.

17. Defendant is unaware of any member of MarkWest Liberty Midstream & Resources, L.L.C. which is a citizen of the State of North Dakota, or sub-members or sub-partners, having citizenship in the State of North Dakota to defeat complete diversity under 28 U.S.C. § 1332.

18. Defendant is a corporation with its principal place of business located in 7401 Yukon Drive, Bismark, ND 58503, and incorporated under the laws of the State of North

---

ascertain citizenship for purposes of diversity. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108-109 (3d Cir. 2015) ("Depriving a party of a federal forum simply because it cannot identify all of the members of an unincorporated association is not a rational screening mechanism. The membership of an LLC is often not a matter of public record. Thus, a rule requiring the citizenship of each member of each LLC to be alleged affirmatively *before* jurisdictional discovery would effectively shield many LLCs from being sued in federal court without their consent. This is surely not what the drafters of the Federal Rules intended.").

Dakota. Defendant is, therefore, a citizen of North Dakota for purposes of determining citizenship and diversity actions.

19. Based upon the foregoing, there is complete diversity of citizenship between Defendant, a citizen of the State of North Dakota, and Plaintiff, which is not a citizen of the State of North Dakota.

20. The matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs. Plaintiff has alleged that it "seeks to recover substantial damages" and "significant compensatory damages" regarding allegations based upon breach of contract, delay and various tort theories. *Compl.* ¶ 10.

21. Federal jurisdiction is therefore founded upon diversity of citizenship, pursuant to 28 U.S.C. § 1332(a), as this civil action is a matter between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### V. OTHER REMOVAL ISSUES

22. Pursuant to 28 U.S.C. § 1446(a), copies of the docket sheet, Plaintiff's Complaint and Summons, are attached hereto as "Exhibit A."

23. A Notice of Filing of Notice of Removal will be filed promptly with the Circuit Clerk of Wetzel County, West Virginia and served on the Plaintiff.

WHEREFORE, the Defendant, by counsel, respectfully requests that this civil action be removed from the Circuit Court of Wetzel County, West Virginia, to the United States District Court for the Northern District of West Virginia, and that this Court assume jurisdiction over this action.

**BILFINGER WESTCON, INC.**
**By Counsel**


s/ John Callcott
Eric J. Hulett, Esq. (WV Bar #6332)
Steptoe & Johnson PLLC
1250 Edwin Miller Blvd., Suite 300
Martinsburg, WV 25404
Phone: (304) 262-3519
Fax: (304) 262-3541
eric.hulett@steptoe-johnson.com

John R. Callcott, Esq. (WV Bar #9206)
Steptoe & Johnson PLLC
1085 Van Voorhis Road, Suite 400
Morgantown West Virginia 26505
Phone: (304) 598-8151
Fax: (304) 598-8116
john.callcott@steptoe-johnson.com

Devon J. Stewart, Esq. (WV Bar #11712)
Steptoe & Johnson PLLC
Chase Tower, Seventeenth Floor
P.O. Box 1588
Charleston WV 25326-1588
devon.stewart@steptoe-johnson.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

**MARKWEST LIBERTY MIDSTREAM
& RESOURCES, L.L.C.,**

      Plaintiff,

v.

Case No.: 5:16-CV-118 (Bailey)

**BILFINGER WESTCON, INC.,**

      Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2016, I electronically filed the foregoing *"Notice of Removal"* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record, provided they are CM/ECF participants. In addition, I have further mailed complete copies of these filings to counsel below via First Class US Mail:

      Thomas Ryan, Esq.
      Travis Brannon , Esq.
      K&L Gates LLP
      K&L Gates Center
      210 Sixth Avenue
      Pittsburgh, Pennsylvania 15222

      William Crichton VI, Esq.
      Crichton & Crichton
      325 9th Street
      Parkersburg, West Virginia 26101

                              s/ John Callcott
                              John Callcott