**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| MARKWEST LIBERTY MIDSTREAM )<br>& RESOURCES, L.L.C., )<br> )<br> )<br>         Plaintiff, )<br> )<br>    v. )<br> )<br>BILFINGER WESTCON, INC., )<br> )<br>         Defendant. ) | Case No. 5:16-cv-00118<br>Judge John Preston Bailey |

**BRIEF IN SUPPORT OF MOTION TO REMAND**

Plaintiff, MarkWest Liberty Midstream & Resources, L.L.C. ("MarkWest"), through its undersigned counsel, submits the following Brief in Support of Motion to Remand.

**INTRODUCTION**

This case belongs in West Virginia state court because this Court lacks subject matter jurisdiction to hear this case. Plaintiff MarkWest is ultimately owned by a limited partnership. The Supreme Court in <u>Carden v. Arkoma Associates</u>, 494 U.S. 185 (1990) has long held that for diversity jurisdiction purposes, the citizenship of all of the limited partners must be accounted for. Defendant Bilfinger Westcon, Inc. ("Westcon"), a citizen of North Dakota, knew that MarkWest had limited partners from North Dakota, yet, ignored this Supreme Court precedent and improperly has attempted to remove this action by invoking diversity jurisdiction. Westcon did so for the improper purpose of attempting to delay paying MarkWest monies owed to it.

As discussed in more detail below, this action must be remanded to the Circuit Court of Wetzel County, West Virginia and Westcon should be ordered to pay

MarkWest's costs and attorneys' fees incurred as a result of this improper removal attempt.

### **FACTUAL BACKGROUND**

On June 16, 2016, MarkWest filed a Complaint in the Circuit Court of Wetzel County (the "State Court Proceeding") to recover millions of dollars in damages caused by Westcon's negligent and fraudulent conduct related to the construction of an expansion of its Mobley V natural gas processing facility. See Notice of Removal [ECF No. 1] at Exhibit A.  On July 22, 2016, Westcon filed a Notice of Removal purporting to invoke this Court's diversity jurisdiction.  *Id.*  Westcon admits that it is organized in and has its principal place of business in North Dakota.  See Notice of Removal [ECF No. 1], at ¶ 18.

In support of the removal, Westcon deceptively represented to the Court MarkWest's organizational structure, which MarkWest clearly laid out in an affidavit filed by MarkWest in another lawsuit with Westcon regarding a different project (which Westcon also improperly filed in federal court).  See Bilfinger Westcon, Inc. v. MarkWest Liberty Bluestone, L.L.C., No. 2:16-cv-00974 (W.D. Pa. July 20, 2016), ECF Doc. No 9-4 (the "Affidavit").  Notably, Westcon references only selective portions of the affidavit in its removal papers but did not include a copy of the Affidavit with its Notice of Removal.

MarkWest attaches the Affidavit in question at Exhibit 1.  The Affidavit read in its entirety clearly establishes that MarkWest is a citizen of North Dakota.  See Exhibit 1, Affidavit at ¶ 2.

On July 20, 2016, Westcon's General Counsel contacted MPLX's General Counsel to request they agree to delay moving forward with, among other things, the

2

State Court Proceeding. MPLX's General Counsel refused this request. Two days later, notwithstanding this obvious lack of diversity, Westcon filed its Notice of Removal causing the State Court Proceeding to be significantly delayed.

## ARGUMENT

**A.  Legal Standard**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute..." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). There is a presumption that each case lies outside of a federal court's limited jurisdiction. Id. Westcon bears the burden to establish jurisdiction and any doubts regarding the same require remand to state court. See Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

**B.  This Court Must Remand the Case Because There is Not Complete Diversity Between MarkWest and Westcon.**

Westcon alleges this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based on diversity. Notice of Removal [ECF No. 1] at ¶ 19. This requires *complete* diversity of citizenship, so that no plaintiff is a citizen of the same state as any defendant. See Exxon Mobil Corp. v. Allapattah Svcs. Inc., 545 U.S. 546, 553 (2005). Courts determine whether complete diversity exists by examining the citizenship of all of the parties at the time the complaint was filed. Grupo Dataflux v. Atlas Global Group, LP, 541 U.S. 567, 571 (2004).

A corporation is a citizen of both the state where it is incorporated and of the state where it has it principal place of business. See 28 U.S.C. § 1332(c). On the other

hand, an unincorporated entity, such as a limited liability company (i.e., an "LLC"), is a citizen of each state where each of its members are citizens. General Tech. Applications, Inc. v. Exro Ltda., 388 F.3d 114, 120 (4th Cir. 2004). "For purposes of diversity jurisdiction, the citizenship of a limited liability company … is determined by the citizenship of all its members…" Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011). Consequently, the citizenship of an unincorporated entity, such as an LLC, "must be traced through however many layers of partners or members there may be." Hunt v. Brooks Run Mining Co. LLC, No. 1:13-0433, 2013 WL 4829322 at *2 (S.D.W. Va. Sept. 10, 2013) (citations omitted).[1] Similarly, a limited partnership (i.e., an "LP") is a citizen of each state in which both its general and limited partners are citizens. See Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990).

Here, Plaintiff, MarkWest Liberty Midstream & Resources, L.L.C., is Delaware limited liability company that is 100% owned by its sole member, MarkWest Liberty Gathering, L.L.C. ("MarkWest Liberty"). See Exhibit 1, Affidavit at ¶ 5. MarkWest Liberty is 100% owned by its sole member, MarkWest Energy Operating Company, L.L.C. ("MarkWest Energy Operating"). Id. at ¶ 6. MarkWest Energy Operating is 100% owned by its sole member, MarkWest Energy Partners, L.P. ("MarkWest Energy Partners"). Id. at ¶ 7. MarkWest Energy Partners is owned by its partners MPLX LP (99%) ("MPLX") and MWE GP L.L.C. (1%). Id. at ¶ 8.

MPLX is a publicly traded master limited partnership ("MLP"), whose limited partnership interests are publicly traded. Id. at ¶ 9. MPLX has limited partners who reside in North Dakota. Id. at ¶ 10. Therefore, Plaintiff MarkWest is a citizen of North

---

[1] All unpublished cases cited in this Brief in Support are attached hereto as Exhibit 2.

Dakota.  Westcon also is a citizen of North Dakota as it is organized in and has its principal place of business in North Dakota.  See Notice of Removal [ECF No. 1], at ¶ 18; 28 U.S.C. § 1332(c).

For the foregoing reasons, complete diversity is lacking because MarkWest and Westcon are both citizens of North Dakota.  This Court, therefore, lacks subject matter jurisdiction and must grant the Motion remanding this case back to the Circuit Court of Wetzel County, West Virginia.

C.   **None of the Arguments Contained in Westcon's Notice of Removal Have Any Merit Because Master Limited Partnerships Are Treated as Limited Partnerships and Not Corporations for Diversity Citizenship Analysis.**

Westcon does not dispute that MPLX has limited partners who reside in North Dakota.  In fact, Westcon had brought forth no evidence whatsoever to meet its burden to establish that the Court has subject matter jurisdiction.  Instead, Westcon resorts to arguing, without any citation to authority, that this Court can just ignore MPLX's North Dakota limited partners:

> Publicly-traded interests in MPLX are securities and not partners contemplated by *Carden, supra*, for purposes of determining citizenship under 28 U.S.C. § 1332(c)(1).  Accordingly, the citizenship of unit holders need not be considered in evaluating the basis for federal-subject matter jurisdiction.

Notice of Removal [ECF No. 1] at n1.  This argument (which Westcon not coincidentally buries in a footnote) is frivolous.

Over twenty-five years ago, the Supreme Court, in Carden v. Arkoma Associates, rejected the notion that a limited partnership, such as MPLX, should be treated as a corporation for the purposes of determining citizenship under 18 U.S.C. § 1332:

> [I]n Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842 (1900), we held that a "limited partnership association" -

5

> although possessing "some of the characteristics of a corporation" and deemed a "citizen" by the law creating it - ***may not be deemed a "citizen" under the jurisdictional rule established for corporations…*** In sum, we reject the contention that to determine, for diversity purposes, the citizenship of an artificial entity, the court may consult the citizenship of less than all of the entity's members. We adhere to our ***oft-repeated rule that diversity jurisdiction in a suit by or against the [limited partnership] entity depends on the citizenship of "all the members***," "*the several persons composing such association*," "*each of its members.*"

494 U.S. 185, 189, 195-196 (1990) (emphasis added; citations omitted). The Court acknowledged that the law in this area "can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization." Id. at 196. Nonetheless, despite similarities between corporations and certain types of unincorporated entities, the Court said it was up to Congress, not the courts to make "further adjustments:" "We have long since decided that, having established special treatment for corporations, we will leave the rest to Congress; we adhere to that decision." Id. at 197. Accordingly, because Carden requires this Court consider the citizenship of each limited partner of MPLX to determine citizenship, and at least one such partner is a citizen of North Dakota, there is not complete diversity.

Westcon also contends that the fact that MPLX is a "master" limited partnership does not mean that it is not a limited partnership contemplated by Carden. See Notice of Removal [ECF No. 1] at n1. This argument is also frivolous.

As an initial matter, Carden clearly states that the Supreme Court intended that the citizenship of *any* artificial entity other than a corporation be determined by its members, unless and until otherwise proscribed by Congress. Carden, 494 U.S. at 197. Moreover, this same technical "master limited partnership argument" has been rejected

6

by every court where this frivolous argument has been made, including at least one circuit court and eight district courts. See, e.g., Grynberg v. Kinder Morgan Energy Partners, L.P., 805 F.3d 901, 905 (10th Cir. 2015) (master limited partnership must be treated as a limited partnership, not a corporation for diversity purposes). Accord LL & E Royalty Tr. ex rel. Parsons v. Quantum Res. Mgmt., LLC, No. 14–CV–13833, 2015 WL 4274987, at *5 (E.D. Mich. July 14, 2015); Great Lakes Gas Transmission, LP v. Essar Steel Minn., LLC, No. 09–cv–3037, 103 F.Supp.3d 1000, 1008–09 (D. Minn.); Stevens Engineers & Constructors, Inc. v. MarkWest Liberty Midstream & Resources L.L.C., No. 14–cv–00054–RBJ, 2014 WL 2922631, at *2 (D. Colo. June 27, 2014); Gonyer v. Enbridge Energy, Ltd. Partnership, No. 1:13–CV–796, 2014 WL 1255915, at *1–2 (W.D. Mich. Mar. 26, 2014); Ada Cty. Highway Dist. v. Nw. Pipeline GP, No. 1:12–cv–00184–BLW, 2012 WL 4737869, at *1 (D. Idaho Oct. 3, 2012); Vosburg v. Williams Field Services Co., No 3:11–cv–1624, 2011 WL 3881277, at *2 (M.D. Pa. Sept. 2, 2011); Williams Field Servs. Co., LLC v. Kalmanowicz, 3:11-CV-1634, 2011 WL 3881471, at *2 (M.D. Pa. Sept. 2, 2011); Wood v. Walton, No. WDQ–09–3398, 2010 WL 458574, at *1–2 (D. Md. Feb. 2, 2010); Trafigura AG v. Enter. Prods. Operating LLC, 995 F.Supp.2d 641, 646 (S.D. Tex. 2014); Cabrera v. Aboytes-Munis, CIV.A. H-14-2725, 2015 WL 5093230, at *3 (S.D. Tex. Aug. 7, 2015), report and recommendation adopted, CIV.A. H-14-2725, 2015 WL 5093234 (S.D. Tex. Aug. 28, 2015).

"[C]ourts have never distinguished between limited partnerships and master limited partnerships." Ada Cty. Highway Dist., 2012 WL 4737869, at *2. As the Tenth Circuit has found, the characteristics of MLPs do not support treating them as corporations for diversity jurisdiction:

> MLPs and corporations are publicly traded, centrally managed, and have freely transferable interests. *But the similarities end there*. MLPs are formed as unincorporated entities under state law, and Carden reaffirmed the dichotomy between corporations and unincorporated entities.

Grynberg, 805 F.3d at 907 (emphasis added). In fact and directly on point, the District Court of Colorado has specifically held that the limited partners of the exact same MarkWest master limited partnership entity in question here should always be counted for purposes of determining subject matter jurisdiction: **"Limited partnerships are deemed citizens of every state where any partner resides. That MarkWest Energy Partners, L.P. is a master limited partnership is an irrelevant distinction."** Stevens Engineers, 2014 WL 2922631 at *2 (citations and quotations omitted, emphasis added).[2]

### D. This Court Should Direct Westcon to Pay MarkWest's Costs and Attorneys' Fees Incurred in Connection with this Motion to Remand.

Finally, MarkWest is entitled to its costs and attorneys' fees incurred as a result of this removal in accordance with 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." Such an award of fees is appropriate

---

[2] Westcon attempts to rely upon 26 U.S.C. § 7704(a) of the Internal Revenue Code to support its frivolous argument. As an initial matter, however MLP's are treated for tax purposes is irrelevant for how they should be treated for diversity purposes. In any event, Westcon fails to mention that MLPs, like MPLX, that are engaged predominately in the "exploration, development, mining, or production, processing, refining, [or] transportation . . . of any mineral or natural resource" receive federal pass-through taxation just like partnerships. 26 U.S.C § 7704(d)(1)(E); see also Grynberg 805 F.3d at 904 ("MLPs are similar to limited partnerships in that they have general partners who manage the partnership's affairs and limited partners (called 'unitholders') who provide capital. MLPs are classified as partnerships for federal taxation purposes, which allows them to benefit from 'pass-through' taxation."). As such, even the irrelevant Internal Revenue Code cited by Westcon supports remand.

"where the removing party lacked an objectively reasonable basis for seeking removal." Clutter v. Consol. Coal Co., No. 1:14CV9, 2014 WL 1479199, at *6 (N.D.W.Va. April 15, 2014) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)).  A removing party does not have an "objectively reasonable basis for removal" if the basis for removal "is contrary to clear case law and a cursory examination of the applicable law would have revealed that the Court does not have jurisdiction." Id. (citations omitted).

Here, Westcon lacked an objectively reasonable basis for removing the case.  As an initial matter, Westcon relied upon the Affidavit for certain facts regarding MarkWest's organization, yet disingenuously failed to attach the Affidavit or acknowledge the most important fact contained in the Affidavit: "***MPLX, LP has limited partners who reside in North Dakota.***" See Ex. 1, Affidavit at ¶ 10 (emphasis added).

Moreover, as explained in detail above, Westcon's argument that a master limited partnership is not a limited partnership contemplated by Carden "is contrary to clear case law and a cursory examination of the applicable law would have revealed that the Court does not have jurisdiction." Clutter, 2014 WL 1479199, at *6. Carden, Grynberg, Stevens Engineers and a host of other cases all make clear that this Court indisputably lacks subject matter jurisdiction because complete diversity is lacking. There exists no case to the contrary supporting removal.

Indeed, courts have specifically found Westcon's argument is not an "objectively reasonable" basis to remove and awarded fees when a party attempts to remove a case on the same basis as Westcon:

> [C]ourts have never distinguished between limited partnerships and master limited partnerships.  Instead, it is hornbook law that a limited partnership is a citizen of each state in which its general and limited partners hold citizenship.  **Because Northwest can point to no cases**

9

**that appear to deviate from this general rule, its removal of the case to federal court was not objectively reasonable. Thus, the Court will award the Highway District the attorneys' fees it incurred as a result of Northwest's improper removal.**

Ada Cty. Highway Dist., 2012 WL 4737869, at *2 (emphasis added).

As such, in addition to remanding this case back to the Circuit Court of Wetzel County, West Virginia, this Court should also direct Westcon to pay MarkWest's costs and attorneys' fees incurred as a result of this removal in accordance with 28 U.S.C. § 1447(c). See, e.g., Clutter, 2014 WL 1479199, at *7 (awarding fees because party's claim for removal was contrary to the settled authority and thus lacked an objectively reasonable basis for removal); Ada Cty. Highway Dist., 2012 WL 4737869, at *2 (awarding fees where party's claim for removal was that a master limited partnership was should not be treated like a limited partnership for diversity purposes).

## CONCLUSION

For the foregoing reasons, MarkWest requests this Court to grant its Motion to Remand and enter an order (1) remanding this civil action to the Circuit Court of Wetzel County, West Virginia, and (2) directing Westcon to pay MarkWest's costs and attorneys' fees incurred in connection with this Motion to Remand.

Dated: August 5, 2016　　　　　　　Respectfully Submitted:

　　　　　　　　　　　　　　　　　　*/s/ Thomas C. Ryan*
　　　　　　　　　　　　　　　　　　Thomas C. Ryan (WVSB #9883)
　　　　　　　　　　　　　　　　　　Travis L. Brannon (WVSB #12504)
　　　　　　　　　　　　　　　　　　K&L Gates LLP
　　　　　　　　　　　　　　　　　　K&L Gates Center
　　　　　　　　　　　　　　　　　　210 Sixth Avenue
　　　　　　　　　　　　　　　　　　Pittsburgh, PA 15222
　　　　　　　　　　　　　　　　　　Tel: (412) 355-6500
　　　　　　　　　　　　　　　　　　Fax: (412) 355-6501

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2016, a true and correct copy of the foregoing **BRIEF IN SUPPORT OF MOTION TO REMAND** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record.  I have further mailed complete copies of this filing to the following counsel via First Class U.S. Mail:

Eric J. Hullet, Esq.
Steptoe & Johnson PLLC
1250 Edwin Miller Blvd., Suite 300
Martinsburg, WV 25404
Phone: (304) 262-3519
Fax: (304) 262-3541
eric.hulett@steptoe-johnson.com

John R. Callcott, Esq.
Steptoe & Johnson PLLC
1085 Van Voorhis Road, Suite 400
Morgantown, WV 26505
Phone: (304) 598-8151
Fax: (304) 598-8116
john.callcott@steptoe-johnson.com

Devon J. Stewart
Steptoe & Johnson PLLC
Chase Tower, Seventeenth Floor
P.O. Box 1588
Charleston, WV 25326
devon.stewart@steptoe-johnson.com

*/s/ Travis L. Brannon*
Travis L. Brannon