**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | | |
|---|---|---|
| MARKWEST LIBERTY MIDSTREAM & RESOURCES, L.L.C., | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 5:16-cv-00118 |
| v. | ) ) ) | Judge John Preston Bailey |
| BILFINGER WESTCON, INC., | ) ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF MOTION TO REMAND**

MarkWest Liberty Midstream & Resources, L.L.C. ("MarkWest") submits this Reply in Support of its Motion to Remand ("Motion") to address the argument raised by Bilfinger Westcon, Inc. ("Westcon") in its Response Brief ("Response").

**INTRODUCTION**

Without a shred of legal support, Westcon invites this Court to dramatically expand federal subject matter jurisdiction and disregard the Supreme Court's "oft-repeated rule" regarding citizenship analysis for diversity jurisdiction purposes: until Congress ***expressly*** provides otherwise, to determine the citizenship of ***any*** entity other than a corporation, the Court looks to the citizenship of ***each and every member*** of that entity. Carden v. Arkoma, Associates, 494 U.S. 185 (1990). Since that case, courts have uniformly applied the Carden rule to master limited partnerships ("MLPs") to include accounting for the citizenship of each MLP unitholder of a publicly-traded limited partnership interest. See Brief in Support of Motion, at pp. 7-8.

Notwithstanding Carden and its progeny, including the Tenth Circuit and eight district courts cited in the Motion that have addressed the citizenship of MLPs, Westcon

removed this case without citation to any legal authority of its own based on two arguments: (i) "[p]ublicly-traded interests in MPLX are securities and not partners contemplated by Carden; or, alternatively, (ii) "a master limited partnership is regarded as a 'corporation' for purposes of the [Internal Revenue Code], and should be regarded as a corporation." See Notice of Removal, at p. 3, fn. 2. In its Response, Westcon completely abandons these arguments after reading MarkWest's Motion.

Now, Westcon invented a new overly-technically dissection of the MPLX MLP claiming there is a distinction between "unitholders" of an MPLX limited partnership interest and "limited partners" without any case precedent. See Response at pp. 4-7. Westcon's argument is legally flawed. The Supreme Court and numerous cases that have followed have held that courts must include "unitholders" who own a limited partnership interest in its diversity analysis. For this reason and other discuss below, MPLX's North Dakota unitholders effectively deprive this Court of subject matter jurisdiction, rendering Westcon's entire argument meritless. This Court should remand this case to Wetzel County Circuit Court and award MarkWest its attorneys' fees under 28 U.S.C. § 1447(c).

## ARGUMENT

### I. Westcon's "Technical" Analysis Of The MPLX MLP Agreement Has Been Expressly Rejected By The Supreme Court in Carden.

Westcon contends (with no citation) in its Response that, "U.S. Supreme Court precedent requires a 'technical' examination of the precise nature of the securities holdings and organizing documents to ascertain who are the limited partners" and, further, "[c]ontrary to MarkWest's argument, the task is a fact-specific, case-by-case examination." Response at p. 2. Westcon then dives into the nuances of the 135-page

MPLX MLP agreement, cobbling discrete parts together in attempt to argue that MPLX unitholders may not necessarily be limited partners and, therefore, their respective citizenship should be ignored for diversity jurisdiction purposes. This Court as a matter of law must decline Westcon's fishing expedition invitation.

In adopting the bright-line Carden rule in 1990, the Supreme Court allowed but one exception, Puerto Rico v. Russell & Co., 288 U.S. 476 (1933), to stand, which held that a *sociedad en comandita* is a citizen of Puerto Rico for diversity analysis simply because the entity was "an exotic creation of civil law." Id., 494 U.S. at 190. The Supreme Court then levied the following clear admonishment to the lower courts:

> There could be no doubt, after *Bouligny*, that at least common-law entities (and likely all entities beyond the Puerto Rican *sociedad en comandita*) would be treated for purposes of the diversity statute pursuant to . . . 'the tradition of the common law,' which is 'to treat as legal persons only incorporated groups and to assimilate all others to partnerships'.

Carden, 494 U.S. at 190 (citations ommitted). Accord Grynberg v. Kinder Morgan Energy Partners, 805 F.3d 901, 907 (10 Cir. 2015).

Ignoring Carden, Westcon invites this Court to do exactly what the Supreme Court said not to do. The Supreme Court understandably adopted the bright-line rule in analyzing unincorporated citizenship to blunt an attempt such as Westcon has tried here—inviting the Court to parse through a 135-page MLP agreement on a fact-intensive, case-specific inquiry that would include discovery. This Court need only apply the efficient bright-line Carden rule in this case, focusing on the incorporated/unincorporated dichotomy and determine the citizenship of all of the MLP members, which includes MPLX MLP unitholders from North Dakota that destroy the Court's subject matter jurisdiction over this case.

## II. Courts Have Universally Recognized That MLP Unitholders Are "Members" Of An MLP And, Therefore, Must Be Included In The Diversity Analysis.

At its core, Westcon's legal argument is that the Court should not consider the tens of thousands of MPLX unitholders as one of "the several persons composing such association." Carden, 494 U.S. at 196 (quoting Great Southern Fire Proof Hotel Co. v. Jones, 129 U.S. 449, 456 (1900)). That is, Westcon urges this Court to draw a distinction between a MPLX "limited partner" and a MPLX "unitholder" and exclude the latter from its diversity analysis. See Response at pp. 4-7. In support, Westcon states that, "[c]ourts construing partnership agreements similar to MPLX's have concluded that the security owners are not limited partners." Id. at p. 2. This statement is false.

To be clear, those "courts" Westcon urges this Court to rely upon are in reality only dicta from just one district court from over twenty five years ago.[1] That case, Stolte Inc., v. RPP Ltd. Dividend Housing Ass'n LP, 1991 U.S. Dist. LEXIS 1695 (E.D. Mich. Jan., 4, 1991) which is not even case precedent for this Court, has nothing to do with this case. In Stolte, the district court considered whether owners of publicly-traded beneficial assignment certificates ("BACs") issued by a corporation who owned an interest in a limited partnership should be included for its diversity analysis. Id. at *10-11. Here, the common unit holders directly own a limited partner interest in MPLX, not any intermediary corporation. See Response, Ex. 1 at p. 32.

Most interestingly, none of the courts that addressed the citizenship of MLPs since Carden have cited Stolte to support Westcon's fictional proposition. Indeed,

---

[1] Westcon's misleading assertion is reiterated again on page 11: "Courts applying Carden to holders of securities, as in Stolte, have done so following a searching case-by-case analysis of the precise nature of the company's holdings and organizing documents." See Response at p. 11. Setting aside the fact that Westcon only cites dicta from the unpublished Stolte opinion, the precise contention was squarely rejected in Carden. See supra, at pp. 3-4.

4

***Stolte* has never been cited by any court for any reason**. Rather, as cited in the Motion and highlighted below, every court that has ever addressed the issue of whether unitholders should be considered a "member" under the Carden rule and taken into account for diversity purposes has done so. See, e.g., Grynberg, 805 F.3d at 908 (holding that the citizenship of an MLP whose limited partner interests were traded publicly "consists of its unitholders' citizenship" and dismissing the case because the plaintiff and "at least one KMEP unitholder was a Colorado citizen.").[2]

Indeed, Westcon's half-hearted attempt to discount the holdings of these cases (see Response at pp.13-14) falls flat. In each of the cases, the court specifically focused on the unitholders in its diversity analysis. That legal principle, grounded firmly in Carden, which the Supreme Court itself "characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of

---

[2]  Additional cases cited in the Motion also reject Westcon's argument to exclude MLP unitholders from the diversity analysis. See also Great Lakes Gas Transmission L.P. v. Essar Steel Minnesota, 103 F. Supp. 3d 1000, 1005, 1010-11 (D. Minn. 2015)(rejecting an argument to excluded unitholders from diversity jurisdiction because while "unitholders may be more accurately labeled stockholders" or that "unitholders have limited influence," such points are immaterial to the holding in Carden and, therefore, the court "must determine [the MLP's] citizenship of all of its partners, including the public unitholders' citizenship."); Gonyer v. Enbridge Energy, L.P., No. 1:13-cv-796, 2014 WL 1255915 at *2 (W.D. Mich. Mar. 26, 2014)(dismissing the complaint because the defendant's ultimate parent, a MLP with publicly traded interests, "has its own limited partners **or unitholders** who are citizens of Michigan" and the court "must look beyond [the MLP] and consider the citizenship of the [MLP's] unitholders" for its diversity analysis); Trafigura AG, v. Enterprise Products Operating LLC, 995 F.Supp.2d 641, 647 (S.D. Tex. 2014) ("Given that [the MLP's] citizenship, as an MLP, is based on the citizenship of its various unitholders . . . complete diversity is, as a consequence, lacking."); Vosburg v. Williams Field Servs. Co., No. 3:11-CV-1624, 2011 WL 3881277, *2-3 (M.D. Pa. Sept. 2, 2011) (holding that a MLP derives its citizenship from "the totality of its membership," including interests from common units); Williams Field Servs. Co., v. Kalmanowicz, No. 3:11-cv-1634, 2011 WL 3881471 at *2 (M.D. Pa. Sept. 2, 2011) (same as Vosburg). The universal application of the clear Carden rule to include MLP unitholders underscores the frivolous nature of this removal.

5

business organization," does not depend on the particular terms of any particular MLP. 494 U.S. at 196. It is not for this Court to decide whether to exclude MPLX MLP unitholders who own a limited partnership interest from its diversity analysis because those unitholders may or not be a "limited partner" under the specific terms of the MPLX MLP agreement; rather, that decision is left to Congress and this Court is bound to "adhere to that decision." Id. at 197.

### III. Recent Jurisdictional Precedent Clearly Counsel This Court That The Supreme Court Would Not Carve Out A Carden Exception for MLPs.

Westcon quotes Americold for the proposition that there may at least be some ambiguity whether the Supreme Court would consider the citizenship of MLP unitholders for diversity purposes: "despite our oft-repetition of the rule linking unincorporated entities with their 'members', we have never expressly defined the term." 136 S.Ct. at 1015 (quoting Carden at 196). Westcon, however, deceptively omitted the next sentence, which provides "[b]ut we have equated an association's members with ***its owners*** or 'the several persons composing such association,'" underscoring that a unitholder who owns a limited partnership interest should be included, as MarkWest has shown, in the Court's diversity analysis. See id. (emphasis added). More importantly for present purposes though, the analysis and holding in Americold cripples Westcon's argument that this Court should break from the steadfast Carden rule and exclude MPLX's unitholders from its diversity analysis.

In Americold, the Supreme Court was called upon to determine whether for the purposes of establishing diversity jurisdiction to include the citizenship of each shareholder in a real estate investment trust. Id. at 1014. Organized under Maryland law, Americold was a real estate investment trust that held and managed property "for

6

the benefit and profit of any person who may become a shareholder." Id. at 1016. Citing Carden, the Supreme Court held in March 2016 that, "[w]hen we last examined the 'doctrinal wall' between corporate and unincorporated entities in 1990, we saw no reason to tear it down. Then as now we reaffirm that it is up to Congress if it wishes to incorporate other entities into 28 U.S.C. § 1332(c)'s special jurisdictional rule." Id. at 1017. As Justice Sotomayor put succinctly, "[w]hile humans and corporations can assert their own citizenship, other entities take the citizenship of their members." Id. at 1014. Against this grain, Westcon's request for this Court to ignore the citizenship an entire group of MPLX's members, that is, the common unitholders who hold a limited partnership interest must be rejected.

## IV. The MPLX Partnership Agreement Does Not Support Excluding Unitholders From This Court's Diversity Analysis.

While not relevant under Carden, Westcon desperately attempts to exclude the tens of thousands of MPLX common unitholders (without legal citation), a number of which MarkWest has confirmed are citizens of North Dakota (which Westcon does not dispute), from this Court's diversity analysis claiming that they do not meet the MPLX MLP agreement's technical definition of "Limited Partner." See Response at pp. 4-7. This argument is absurd.

By operation of the purchase of a common unit, an individual requests permission to join, and agrees to be bound by the terms of the MPLX master limited partnership agreement. See Response, Ex. 1 at Ex. A-2. That individual is an owner of a "Limited Partner Interest" and vested with all rights of a limited partner possessing "any and all benefits to which such Limited Partner is entitled." See id. at p. 16. This includes, among other things, receipt of distributions through an IRS Schedule K-1,

7

reflecting that individual common unitholder's annual share of profits and losses. Id. at 108-110 (Section 9 related to tax matters). Indeed, one of the primary benefits of owning a common unit of a master limited partnership agreement is to receive the federal pass-through tax benefits that are afforded only to limited partners who own specific types of partnerships, such as MPLX.

Westcon cobbles together Sections 4.3 and 10.1(b) to try and argue the class of limited partners that the Court should consider for its diversity analysis is only those who own a Limited Partner Interest (i.e., common unitholders) and who are also a "Record Holder." See Response at pp. 4-7. This sleight-of-hand interpretation misstates the relevant provision. First, while Westcon emphasized a portion of Section 4.3 to support its argument, it conveniently ignored the critical antecedent "[w]ithout limiting the foregoing," which clearly removes any exclusivity. See Ex. 1 at p. 38. Moreover, the first sentence of Section 4.3, not limited by Westcon's cited language, makes clear that all unitholders are also limited partners: "The names and addresses of Unitholders as they appear in the Partnership Register shall be the official list of Record Holders of the Partnership Interests for all purposes." Id. Those books can be kept in any form by the General Partner and updated "from to time as necessary to reflect accurately the information therein." Id. at 111. Westcon's attempt to create an entirely distinct class of non-limited partner common unitholders must be rejected because the agreement does not allow for it and, particularly in this case, where the analysis is absolutely irrelevant for subject matter jurisdiction purposes. See supra at pp. 5-8.

**V.     Westcon's Request To Obtain Discovery Should Be Denied As Futile.**

Westcon brought forth no evidence to dispute the fact that MPLX has individuals with limited partner interests in North Dakota, thereby destroying diversity jurisdiction. In light of Carden and its progeny, further discovery into this matter would only further delay the inevitable: this Court does not have subject matter jurisdiction of MPLX and this matter must be remanded to state court.

## CONCLUSION

Westcon removed this case with neither factual nor legal support.  In its Motion, MarkWest overwhelmingly demonstrated the improper nature of this removal in light of the Carden rule.  Westcon's Response abandoned its initial reasons for removal and attempted to offer some convoluted technical analysis of the partnership agreement directly contrary to longstanding Supreme Court precedent.  Accordingly, this Court should grant the Motion to Remand and enter an order (1) remanding this civil action to the Circuit Court of Wetzel County, West Virginia, and (2) directing Westcon to pay MarkWest's costs and attorneys' fees incurred in connection with this Motion to Remand pursuant to 28 U.S.C. § 1447(c).

Dated:  August 29, 2016

Respectfully Submitted:

/s/ *Thomas C. Ryan*
Thomas C. Ryan (WVSB #9883)
Travis L. Brannon (WVSB #12504)
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Tel: (412) 355-6500
Fax: (412) 355-6501

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of August, 2016, a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO REMAND** was electronically filed with the Clerk of the Court using the CM/ECF system and will be served upon the registered participants identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Travis L. Brannon*
Travis L. Brannon
